JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Jacquelyn J. Maurer, Individually and as Executrix of the Estate of Richard P. Maurer, Deceased

**DEFENDANTS** R.E. Pierson Construction Co., Inc., Richard E. Pierson Construction Co., Inc., and Richard E. Pierson

**(b)** County of Residence of First Listed Plaintiff   Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ross Feller Casey, LLP
1650 Market Street, 34th Floor
Philadelphia, PA 19103; 215-574-2000

Attorneys *(If Known)*
Fowler Hirtzel McNulty & Spaulding, LLP
2000 Market Street, Suite 550, Philadelphia, PA 19103
215-789-4848

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 367 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 and 28 U.S.C. § 1441

Brief description of cause:
Construction accident

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
01/22/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Jacquelyn J. Maurer, 807 Ridge Road, Telford, PA 18969 _____

Address of Defendant: _____ Richard E. Pierson Construction Co. Inc., ; Richard E. Pierson, _____

Place of Accident, Incident or Transaction: Pennsylvania Turnpike Northeast Extension, Milemarker 32.1, Montgomery County, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/22/2020 _____   _____   200194

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* Construction accident
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Damian M. Taranto _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 01/22/2020 _____   _____   200194

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE J. MAURER, Individually and as Executrix of the Estate of RICHARD P. MAURER, deceased, | **CIVIL ACTION** |
| Plaintiff, | NO: _____ |
| vs. | |
| R.E. PIERSON CONSTRUCTION CO., INC., RICHARD E. PIERSON CONSTRUCTION CO., INC., and RICHARD E. PIERSON, | **JURY TRIAL DEMANDED** |
| Defendants. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus — Cases brought under 28 U.S.C. § 2441 through § 2255. ( )

(b) Social Security — Cases requesting review of a decision of the secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration — Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos — Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management — Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management — Cases that do not fall into any one of the other tracks. (X)

Respectfully submitted,

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

Dated: January 22, 2020

By: _____

DAMIAN M. TARANTO, ESQUIRE
PA ID #: 200194
LEE H. ECKELL, ESQUIRE
PA ID #: 86389
MATTHEW D. VODZAK, ESQUIRE
PA ID #: 309713
Fowler, Hirtzel, McNulty & Spaulding, LLP
2000 Market Street, Suite 550
Philadelphia, PA 19103
P: 215-789-4848
E: dtaranto@fhmslaw.com
E: leckell@fhmslaw.com
E: mvodzak@fhmslaw.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE J. MAURER, Individually and as Executrix of the Estate of RICHARD P. MAURER, deceased, | CIVIL ACTION |
| Plaintiff, | NO: _____ |
| vs. | |
| R.E. PIERSON CONSTRUCTION CO., INC., RICHARD E. PIERSON CONSTRUCTION CO., INC., and RICHARD E. PIERSON, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

**TO:   OFFICE OF JUDICIAL RECORDS**
First Judicial District of Pennsylvania
City Hall, Room 284
Philadelphia, PA 19107

Please take notice that Defendants, R.E. Pierson Construction Co., Inc., Richard E. Pierson Construction Co., Inc., and Richard E. Pierson, by and through their counsel, Fowler Hirtzel McNulty & Spaulding, LLP, filed a Notice in the United States District Court for the Easter District of Pennsylvania for Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.* of a civil action now pending in the Court of Common Pleas, Philadelphia County, December Term, No. 4289.

This case qualifies for removal under diversity jurisdiction, because Plaintiff and Defendant are citizens of different states, and the amount-in-controversy exceeds $75,000.

Respectfully submitted,

**FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP**

By: _____

Dated: January 22, 2020

DAMIAN M. TARANTO, ESQUIRE
PA ID #: 200194
LEE H. ECKELL, ESQUIRE
PA ID #: 86389
MATTHEW D. VODZAK, ESQUIRE
PA ID #: 309713
Fowler, Hirtzel, McNulty & Spaulding, LLP
2000 Market Street, Suite 550
Philadelphia, PA 19103
P: 215-789-4848
E: dtaranto@fhmslaw.com
E: leckell@fhmslaw.com
E: mvodzak@fhmslaw.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JACQUELINE J. MAURER, Individually and as Executrix of the Estate of RICHARD P. MAURER, deceased,<br><br>        Plaintiff,<br><br>    vs.<br><br>R.E. PIERSON CONSTRUCTION CO., INC., RICHARD E. PIERSON CONSTRUCTION CO., INC., and RICHARD E. PIERSON,<br><br>        Defendants. | CIVIL ACTION<br><br>NO: _____<br><br><br>**JURY TRIAL DEMANDED** |

## <u>DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL</u>

**TO:  PLAINTIFF, JACQUELYN J. MAURER**
      c/o Ross Feller Casey, LLP
      Matthew A. Casey, Esquire
      Christopher M. Maloney, Esquire
      One Liberty Place
      1650 Market Street, 34th Floor
      Philadelphia, PA 19103

      Please take notice that Defendants, R.E. Pierson Construction Co., Inc., Richard E. Pierson

Construction Co., Inc., and Richard E. Pierson, by and through their counsel, Fowler Hirtzel

McNulty & Spaulding, LLP, filed a Notice in the United States District Court for the Easter District

of Pennsylvania for Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.* of a civil

action now pending in the Court of Common Pleas, Philadelphia County, December Term, No.

4289.

      This case qualifies for removal under diversity jurisdiction, because Plaintiff and

Defendant are citizens of different states, and the amount-in-controversy exceeds $75,000.

Respectfully submitted,

**FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP**

By: _____

Dated: January 22, 2020

DAMIAN M. TARANTO, ESQUIRE
PA ID #: 200194
LEE H. ECKELL, ESQUIRE
PA ID #: 86389
MATTHEW D. VODZAK, ESQUIRE
PA ID #: 309713
Fowler, Hirtzel, McNulty & Spaulding, LLP
2000 Market Street, Suite 550
Philadelphia, PA 19103
P: 215-789-4848
E: dtaranto@fhmslaw.com
E: leckell@fhmslaw.com
E: mvodzak@fhmslaw.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE J. MAURER, Individually and as Executrix of the Estate of RICHARD P. MAURER, deceased,<br><br>      Plaintiff,<br><br>      vs.<br><br>R.E. PIERSON CONSTRUCTION CO., INC., RICHARD E. PIERSON CONSTRUCTION CO., INC., and RICHARD E. PIERSON,<br><br>      Defendants. | CIVIL ACTION<br><br>NO: _____<br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Richard E. Pierson Construction Co. Inc. (incorrectly identified as "R.E. Pierson Construction Co., Inc.," and "Richard E. Pierson Construction Co., Inc.") and Richard E. Pierson, by their counsel, Fowler Hirtzel McNulty & Spaulding, LLP, remove this action, which was pending in the Court of Common Pleas of Philadelphia County, December Term 2019, No. 4289, pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1441 *et seq.*, and in support thereof, state as follows:

1.      This case arises out of a fatal construction accident that occurred on June 5, 2019 in Montgomery County, Pennsylvania.

2.      Plaintiff, Jacqueline Maurer, as Executrix of the Estate of Richard P. Maurer ("Decedent"), and in her own right filed suit against Defendants on December 31, 2019. A copy of the Court of Common Pleas' docket is attached as **Exhibit "A"**.

3.      Plaintiff's Complaint is the only pleading filed in this matter in the Court of Common Pleas. Plaintiff's Complaint is attached as **Exhibit "B"**.

1

4.     Plaintiff served Richard E. Pierson Construction Co. Inc., on January 9, 2020. A copy of the Returns of Service for Richard E. Pierson are attached as **Exhibit "C"** and **"D"**.

5.     Plaintiff purported to serve Richard E. Pierson on January 9, 2020. A copy of the Return of Service for Richard E. Pierson is attached as **Exhibit "E"**.

## I.     PARTIES

6.     Jacqueline Maurer resides at 807 Ridge Road, Telford, Pennsylvania. *See* Ex. B., ¶ 1.

7.     Jacqueline Maurer is averred to be the executrix Decedent's Estate. *See* Ex. B., ¶ 1 and Ex. A.

8.     Before his death, Decedent resided at 807 Ridge Road, Telford, Pennsylvania. *See* Ex. B., ¶ 2 and Ex. B.

9.     Plaintiff's Complaint names two separate alleged entities, "Richard E. Pierson Construction Co., Inc." and "R.E. Pierson Construction Co., Inc.," but there is no separate jural entity named "R.E. Pierson Construction Co., Inc."

10.     Richard E. Pierson Construction Co. Inc. is a New Jersey for-profit corporation (Entity ID# 0100121788) with a principal place of business at 426 Swedesboro Road, Pilesgrove, Salem County, New Jersey.

11.     Richard E. Pierson Construction Co. Inc. was a New Jersey corporation with a principal place of business in New Jersey when this case was filed.

12.     Richard E. Pierson is an adult individual who resides in Pilesgrove, New Jersey.

13.     Richard E. Pierson resided in New Jersey when this case was filed.

## II.     BACKGROUND

14.     In all counts, Plaintiff seeks compensatory and punitive damages in excess of $50,000.00.

15.     Plaintiff filed this action as a major jury matter, for which there is no cap on recovery.

### III.   LEGAL BASIS FOR REMOVAL

16.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

17.     "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

#### A. THE CASE IS REMOVABLE BECAUSE PLAINTIFFS AND DEFENDANTS ARE COMPLETELY DIVERSE CITIZENS AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

18.     Diversity jurisdiction is proper where (1) complete diversity exists, and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

#### 1. COMPLETE DIVERSITY EXISTS.

19.     For individuals, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

20.     Jacqueline Maurer resides in Telford, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

21.     "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." 28 U.S.C. § 1332(c)(2).

22.     Decedent was a resident of Telford Pennsylvania and, therefore, a citizen of Pennsylvania before his death.

23.     Richard E. Pierson resides in New Jersey and is a citizen of New Jersey.

24.      A corporation is a citizen of the states in which it is incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

25.     Richard E. Pierson Construction Co. Inc. is a New Jersey citizen, because it is incorporated, and has its principal places of business, in New Jersey.

26.     For purposes of determining diversity, Plaintiff (in her individual capacity and as Decedent's Executrix) is a Pennsylvania citizen or deemed to be a Pennsylvania citizen, and all Defendants are New Jersey citizens.

27.     Therefore, complete diversity of citizenship under 28 U.S.C. § 1332 exists.

28.     Complete diversity existed when Plaintiff filed this action.

### 1. THE AMOUNT IN CONTROVERSY EXCLUSIVE OF INTEREST AND COSTS EXCEEDS $75,000.

29.     In addition to complete diversity, diversity jurisdiction requires that the amount in controversy exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

30.     When case is removed on the basis of diversity jurisdiction,

> the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]

28 U.S.C. § 1446(c)(2)(A)(ii).

31.     "[R]emoval of the action is proper on the basis of an amount in controversy asserted under [28 U.S.C. § 1446(c)(2)(A)(ii)] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.00, exclusive of interest and costs (for purposes of this case). 28 U.S.C. § 1446(c)(2)(B).

32.     Pennsylvania procedural law prohibits a party from demanding a specific amount of unliquidated damages. *See* Pa.R.C.P. No. 1021(b).

33.     Accordingly, Defendants are entitled to assert the amount in controversy in this Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

34.     "The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d. 661, 666 (3d. Cir. 2002).

35.     Plaintiff requests imposition of damages in excess of $50,000.00, including punitive damages.

36.     Plaintiff includes claims for wrongful death for Decedent.

37.     Plaintiff filed her action in the Major Jury Court Program, for which there is no monetary cap on recovery.

38.     Based on the entire Complaint, the harm allegedly suffered by Plaintiff and Decedent's wrongful death beneficiaries, and the death of Decedent, it is more likely than not that the amount in controversy is more than $75,000.00, exclusive of interest and costs.

39.     Because the amount in controversy exceeds $75,000.00 and complete diversity exists, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a); and removal is therefore proper.

## B. REMOVAL TO THIS COURT IS PROPER.

40.     A case must be removed to the district court and division thereof which embrace the place where the state-court action is pending. 28 U.S.C. § 1441(a).

41.     Philadelphia County is within the Eastern District of Pennsylvania.[1]

42.     Therefore, this Court is the proper Court for removal of this action.

---

[1] Defendants do not concede that venue was proper in Philadelphia County.

### C. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

43.     A notice of removal must be filed within 30 days after receipt of the "initial pleading setting for the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b); *see Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 221-23 (3d Cir. 2005).

44.     When there are multiple defendants, the 30-day period begins to run when the last defendant is served. *See* 28 U.S.C. § 1446(b)(2)(C).

45.     This Notice of Removal is timely, because it is filed less than 30 days after the last defendant was served. *See* 28 U.S.C. § 1446(b)(3).

46.     Accordingly, the procedural requirements to remove this matter are met.

## IV.    <u>JURY TRIAL DEMAND</u>

47.     Under Fed.R.Civ.P. 38(b)(1), Defendants demand trial by jury on all issues so triable.

**WHEREFORE**, under 28 U.S.C. § 1441, Defendants respectfully give notice that the action now pending against them in the Court of Common Pleas of Philadelphia County, Pennsylvania is removed to this Court.

Respectfully submitted,

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

By:

Dated: January 22, 2020

DAMIAN M. TARANTO, ESQUIRE
PA ID #: 200194
LEE H. ECKELL, ESQUIRE
PA ID #: 86389
MATTHEW D. VODZAK, ESQUIRE
PA ID #: 309713
Fowler, Hirtzel, McNulty & Spaulding, LLP
2000 Market Street, Suite 550
Philadelphia, PA 19103
P: 215-789-4848
E: dtaranto@fhmslaw.com
E: leckell@fhmslaw.com
E: mvodzak@fhmslaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Damian M. Taranto, Esquire, attorney for Defendants, do hereby certify that a true and

correct copy of the foregoing *Notice of Removal* was served via first-class mail to the following:

Matthew A. Casey, Esquire
Christopher M. Maloney, Esquire
Ross Feller Casey, LLP
One Liberty Place
1650 Market Street, 34th Floor
Philadelphia, PA 19103
*Counsel for Plaintiff*

Damian M. Taranto, Esq.
Lee H. Eckell, Esq.
Matthew D. Vodzak, Esq.
Attorney for Defendants

**Date: January 22, 2020**

# EXHIBIT A

{W0887208.1}

 **The Philadelphia Courts**
**Civil Docket Access**

 No Items in Cart ☐☐ **LOGIN**

Civil Docket Report

<span style="color:red">A $5 Convenience fee will be added to the transaction at checkout.</span>

## Case Description

| | |
|---|---|
| **Case ID:** | 191204289 |
| **Case Caption:** | MAURER ETAL VS R.E. PIERSON CONSTRUCTION CO., INC. |
| **Filing Date:** | Tuesday , December 31st, 2019 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | MOTOR VEHICLE ACCIDENT |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | CASEY, MATTHEW A |
| **Address:** | ROSS FELLER CASEY LLP 1650 MARKET ST SUITE 3450 PHILADELPHIA PA 19103 (215)574-2000 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | EXECUTRIX - PLAINTIFF | MAURER, JACQUELYN J |
| **Address:** | 807 RIDGE ROAD TELFORD PA 18969 | **Aliases:** | *none* | |
| | | | | |

| 3 | 1 | | PLAINTIFF | MAURER, JACQUELYN J |
|---|---|---|---|---|
| **Address:** | 807 RIDGE ROAD TELFORD PA 18969 | **Aliases:** | *none* | |

| 4 | | | DEFENDANT | RE PIERSON CONSTRUCTION COMPANY INC |
|---|---|---|---|---|
| **Address:** | 129 CLUMP ROAD TELFORD PA 18969 | **Aliases:** | *none* | |

| 5 | | | DEFENDANT | RICHARD E PIERSON CONSTRUCTION COMPANY INC |
|---|---|---|---|---|
| **Address:** | 129 CLUMP ROAD TELFORD PA 18969 | **Aliases:** | *none* | |

| 6 | | | DEFENDANT | PIERSON, RICHARD E |
|---|---|---|---|---|
| **Address:** | 129 CLUMP ROAD TELFORD PA 18969 | **Aliases:** | *none* | |

| 7 | 1 | | ATTORNEY FOR PLAINTIFF | MALONEY, CHRISTOPHER |
|---|---|---|---|---|
| **Address:** | ROSS FELLER CASEY, LLP 1650 MARKET STREET SUITE 3450 PHILADELPHIA PA 19103 (215)574-2000 | **Aliases:** | *none* | |

| 8 | | | TEAM LEADER | ANDERS, DANIEL J |
|---|---|---|---|---|
| **Address:** | ROOM 292 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

## Docket Entries

| Filing | Docket Type | Filing Party | Disposition | Approval/ |
|---|---|---|---|---|

| Date/Time | | | Amount | Entry Date |
|---|---|---|---|---|
| 31-DEC-2019 03:01 PM | ACTIVE CASE | | | 02-JAN-2020 12:01 PM |
| **Docket Entry:** | E-Filing Number: 1912068053 | | | |
| | | | | |
| 31-DEC-2019 03:01 PM | COMMENCEMENT CIVIL ACTION JURY | CASEY, MATTHEW A | | 02-JAN-2020 12:01 PM |
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>Final Cover | 🛒 **Click HERE to purchase all documents related to this one docket entry** | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 31-DEC-2019 03:01 PM | COMPLAINT FILED NOTICE GIVEN | CASEY, MATTHEW A | | 02-JAN-2020 12:01 PM |
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>Maurer Complaint.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 31-DEC-2019 03:01 PM | JURY TRIAL PERFECTED | CASEY, MATTHEW A | | 02-JAN-2020 12:01 PM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 31-DEC-2019 03:01 PM | WAITING TO LIST CASE MGMT CONF | CASEY, MATTHEW A | | 02-JAN-2020 12:01 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 06-JAN-2020 12:55 PM | ENTRY OF APPEARANCE-CO COUNSEL | MALONEY, CHRISTOPHER | | 06-JAN-2020 02:20 PM |
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>EOA CMM.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF CHRISTOPHER MALONEY AS CO-COUNSEL FILED. (FILED ON BEHALF OF JACQUELYN J MAURER AND JACQUELYN J MAURER) | | | |
| | | | | |

| 16-JAN-2020 02:57 PM | SHERIFF'S SERVICE | MALONEY, CHRISTOPHER | | 16-JAN-2020 02:58 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>R.E. Pierson Construction Co., Inc. - SERVED.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| | | | | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON RE PIERSON CONSTRUCTION COMPANY INC BY SHERIFF OF MONTGOMERY COUNTY ON 01/09/2020. (FILED ON BEHALF OF JACQUELYN J MAURER AND JACQUELYN J MAURER) | | | |

| 16-JAN-2020 03:00 PM | SHERIFF'S SERVICE | MALONEY, CHRISTOPHER | | 16-JAN-2020 03:01 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>Richard E. Pierson Construction Co., Inc. - SERVED.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON RICHARD E PIERSON CONSTRUCTION COMPANY INC BY SHERIFF OF MONTGOMERY COUNTY ON 01/09/2020. (FILED ON BEHALF OF JACQUELYN J MAURER AND JACQUELYN J MAURER) | | | |

| 16-JAN-2020 03:03 PM | SHERIFF'S SERVICE | MALONEY, CHRISTOPHER | | 16-JAN-2020 03:03 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>Richard E. Pierson - SERVED.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON RICHARD E PIERSON BY SHERIFF OF MONTGOMERY COUNTY ON 01/09/2020. (FILED ON BEHALF OF JACQUELYN J MAURER AND JACQUELYN J MAURER) | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home

# *EXHIBIT B*

{W0887208.1}

**ROSS FELLER CASEY, LLP**
BY:    MATTHEW A. CASEY, ESQUIRE
         CHRISTOPHER M. MALONEY, ESQUIRE
ATTORNEY ID NOS: 84443/64844
One Liberty Place
1650 Market Street, 34th Floor
Philadelphia, PA 19103
215-574-2000

*Filed and Attested by the
Office of Judicial Records
31 DEC 2019 03:01 pm
M. BRYANT*

*Attorneys for Plaintiff*

| | |
|---|---|
| **JACQUELYN J. MAURER, Individually, and as Executrix of the Estate of RICHARD P. MAURER, deceased** | : COURT OF COMMON PLEAS |
| | : *PHILADELPHIA COUNTY* |
| 807 Ridge Road | : |
| Telford, PA 18969 | : TERM, 2019 |
| *Plaintiff* | : |
| vs. | : NO: |
| | : |
| **R.E. PIERSON CONSTRUCTION CO., INC.** | : |
| 129 Clump Road | : **JURY TRIAL DEMANDED** |
| Telford, PA 18969 | : |
| *and* | : |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

### ADVISO

Le han demandado a used en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Espa OFICINA LO PUEDE PROPORCIONAR CON INFORMACION ACERCA DE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NINGUN HONORARIO.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107

**RICHARD E. PIERSON CONSTRUCTION**                          :
**CO., INC.**                                               :
129 Clump Road                                             :
Telford, PA 18969                                          :
   *and*                                    :
 **RICHARD E. PIERSON**                               :
129 Clump Road                                             :
Telford, PA 18969                                          :
           *Defendants*  :
                                                       :

---

## CIVIL ACTION COMPLAINT

Plaintiff, Jacquelyn J. Maurer, Individually and as Executrix of the Estate of Richard P. Maurer, through her undersigned attorneys, brings this civil action against the above-named Defendants and demands damages in a sum in excess of the local arbitration limits, exclusive of pre-judgment interest, post-judgment interest and costs, upon the causes of actions set forth below:

## PARTIES AND JURISDICTIONAL FACTS

1.      Plaintiff Jacquelyn J. Maurer is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, residing at 807 Ridge Road, Telford, PA 18969.  Plaintiff Jacquelyn J. Maurer is the surviving wife of Richard P. Maurer, deceased, and Executrix of the Estate of Richard P. Maurer, deceased, by virtue of the Letters Testamentary that were granted on July 9, 2019 by the Register of Wills of Montgomery County, Pennsylvania.  See Short Certificate, attached as **Exhibit "A."**

2.      Richard P. Maurer, deceased, was an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 807 Ridge Road, Telford, PA 18969, until the date of his untimely death on June 5, 2019.

-2-

3.      Richard P. Maurer was born on September 13, 1949 and was 69 years of age at the time of his death.  See Certificate of Death of Richard P. Maurer, attached as **Exhibit "B."**

4.      Plaintiff Jacquelyn J. Maurer brings this action on behalf of herself and the Estate of Richard P. Maurer under and by virtue of the Wrongful Death Act, 42 Pa. C.S.A., §8301, the Survival Act, 42 Pa. C.S.A. §8302, the Pennsylvania Code and the applicable Rules of Civil Procedure and decisional law.  Notice of this action, as required by Pa.R.C.P. 2205, was given to the following individuals:

a.      Jacquelyn J. Maurer
807 Ridge Road
Telford, PA 18969

b.      Rebecca E. Krauss
139 Kulp Road
Harleysville, Pa 19438

c.      Kimberly J. Detwiler
1553 Old Skippack Road
Harleysville, PA 19438

5.      As set forth in more detail below, on June 5, 2019, Richard Maurer died as a result of the injuries he sustained as a result of being struck by a vehicle at a construction site along the southbound lane of the Northeast Extension of the Pennsylvania Turnpike.

6.      Defendant R. E. Pierson Construction Co., Inc. ("R.E. Pierson Construction") is a corporation or other jural entity with a business office located at 129 Clump Road, Telford, PA 18969.

7.      R.E. Pierson Construction regularly conducts business in the City of Philadelphia and Philadelphia County, Pennsylvania.

Case ID: 191204289

8.      Defendant Richard E. Pierson Construction Co., Inc. ("Richard E. Pierson Construction") is a corporation or other jural entity with a business office located at 129 Clump Road, Telford, PA 18969.

9.      Richard E. Pierson Construction  regularly conducts business in the City of Philadelphia and Philadelphia County, Pennsylvania.

10.     Richard E. Pierson ("Mr. Pierson") is the registered owner of R.E. Pierson Construction Co., Inc. and Richard E. Pierson Construction Co., Inc.  with a business office located at 129 Clump Road, Telford, PA 18969.

11.     R.E. Pierson Construction, Richard E. Pierson Construction and Mr. Pierson may hereafter be referred to collectively as the "Pierson Defendants."

12.     Defendants R. E. Pierson Construction and Richard E. Pierson Construction are corporations that regularly conduct business in Philadelphia County including, but not limited to, the construction sites and projects at the following locations as identified on the Defendants' website: the dismantling of the 38-story One Meridian Plaza Office, The Philadelphia Civic Center, and the Philadelphia Naval Shipyard; the Betsy Ross Bridge Approach Resurfacing; and the South Street Bridge rebuilding project.  See pages from the Defendants' website, collectively attached as **Exhibit "C."**

13.     At all relevant times hereto, Defendants acted through their agents, employees and servants, all of whom were acting within the course and scope of their employment and under the authority provided to them by Defendants, and whose identities are presently unknown to Plaintiff but will be revealed in discovery.  Accordingly, Defendants are vicariously liable to Plaintiff for the injuries and death sustained by Plaintiff's decedent as a result of the negligence of

Case ID: 191204289

such persons whose conduct was under the control or right to control of Defendants and whose conduct was a direct and proximate cause of Plaintiff's decedent's catastrophic injuries and tragic, untimely death.

14.     Richard Maurer's catastrophic injuries and tragic, untimely death as described herein were directly and proximately caused by the negligence and recklessness of Defendants and their authorized agents, servants, and/or employees.

15.     This Court has jurisdiction over this dispute pursuant to 42 Pa. C.S.A. §931.

16.     Venue in this action is properly laid in Philadelphia County.  *See* Pa.R.C.P. 1006, 2179.

17.     The amount in controversy exceeds the prevailing local arbitration limits.

### OPERATIVE FACTS AS TO ALL COUNTS

18.     In the morning hours of June 5, 2019, Richard Maurer was working as an engineer for Stantec Inc., an international engineering services company, at a construction site at or near mile marker 32.1 of the southbound side of the Northeast Extension of the Pennsylvania Turnpike.

19.     In the morning hours of June 5, 2019, John F. Sauer, Jr., while acting as an agent, servant and/or employee of the Pierson Defendants, was operating a 2015 Ford F250 Supercab pickup truck (NJ XCGS78) at the construction site at or near mile marker 32.1 of the southbound side of the Northeast Extension of the Pennsylvania Turnpike.

20.     The 2015 Ford F250 Supercab pickup truck (NJ XCGS78) that Sauer was operating on the morning of June 5, 2019 was owned and maintained by the Pierson Defendants.

-5-

21.　At approximately 9:40 A.M. on June 5, 2019, Richard Maurer was struck and killed by the 2015 Ford F250 Supercab pickup truck (NJ XCGS78), which was owned and maintained by the Pierson Defendants, at the construction site at or near mile marker 32.1 of the southbound side of the Northeast Extension of the Pennsylvania Turnpike.

22.　At the time of the fatal incident, the 2015 Ford F250 Supercab pickup truck, which was owned and maintained by the Pierson Defendants, was operated by Pierson employee John Sauer.

23.　At the time of the fatal incident John Sauer, acting in the course and scope of his employment with the Pierson Defendants, was operating the Pierson owned and maintained 2015 Ford F250 Supercab pickup truck in reverse when he struck Richard Maurer.

24.　Based on information and belief, there was no reverse audible alarm device or "back-up beeper" on the 2015 Ford F250 Supercab pickup truck at the time of the fatal incident involving Mr. Maurer despite the fact that the rear window of that vehicle had an obstructed view.

25.　Defendants and their authorized agents, employees and servants knew or should have known that failing to have a reverse audible alarm device or "back-up beeper" on the 2015 Ford F250 Supercab pickup truck, despite the fact that the rear window of that vehicle had an obstructed view, created an unreasonable risk of harm to others.

26.　After striking Mr. Maurer while operating the 2015 Ford F250 Supercab pickup truck in reverse, Mr. Sauer shifted the pickup truck into drive and struck Mr. Maurer a second time.

Case ID: 191204289

27.     On June 5, 2019, at approximately 9:57 A.M., as a result of being impacted twice by the Pierson owned and maintained 2015 Ford F250 Supercab pickup, Richard Maurer was pronounced deceased due to blunt force injuries by law enforcement and Emergency Medical Services that responded to the construction site.

28.     Richard Maurer's death due to blunt force injuries as a resulting being impacted twice by the Pierson owned and maintained 2015 Ford F250 Supercab pickup were directly and proximately caused by the failure of the Pierson Defendants to create, implement and/or enforce appropriate safety precautions to govern their employees, their equipment and/or their construction site.

29.     The negligence, carelessness, recklessness and unlawful acts and omissions of Defendants to this action, jointly and severally, as more fully set forth below, directly and proximately caused Richard Maurer's catastrophic injuries and tragic, untimely death.

30.     The negligent, careless, reckless and unlawful acts and omissions on the part of Defendants and their authorized agents, employees and servants were substantial factors in causing Richard Maurer's catastrophic injuries and tragic, untimely death.

31.     The acts and omissions on the part of Defendants and their authorized agents, employees and servants were negligent, careless, reckless and unlawful,  increased the risk of harm to Richard Maurer and were substantial factors in bringing about his catastrophic injuries and tragic, untimely death.

32.     The acts and omissions on the part of Defendants and their authorized agents, employees and servants directly and proximately caused the pain, suffering and untimely death

-7-

experienced by Richard Maurer as well as the grief, pain and emotional distress of his beloved wife, Jacquelyn Maurer, and his two (2) daughters.

33.     As a direct result of the negligence, carelessness, recklessness and unlawful conduct of Defendants, as set forth herein, Richard Maurer suffered substantial economic and non-economic injuries, damages and losses, including:

   a.     conscious physical pain, suffering and discomfort;
   b.     a premature, horrifying death;
   c.     diminution of life expectancy;
   d.     loss of past, present and future earnings and earning capacity;
   e.     loss of enjoyment of life and life's pleasures; and
   f.     such other injuries, damages and losses as described more fully herein.

34.     The grievous injuries to Richard Maurer and his traumatic, untimely death were directly and proximately caused by reason of the liability-producing conduct of Defendants, jointly and/or severally, as described herein.

## COUNT I-NEGLIGENCE
**Jacquelyn Maurer v. R.E. Pierson Construction Co., Inc., Richard E. Pierson Construction Co., Inc. and Richard E. Pierson ("Pierson Defendants")**

35.     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

36.     The foregoing accident and resulting death of Richard Maurer was the direct and proximate result of the negligence, carelessness, recklessness, intentional and/or unlawful conduct of Defendants, which consisted of the following:

   a.     Failing to properly train their employees;
   b.     Failing to properly supervise their employees;
   c.     Permitting an incompetent and inexperienced driver to operate their motor vehicle;
   d.     Negligent entrustment of a commercial motor vehicle under the circumstances;

-8-

    e.      Failing to properly inspect the motor vehicle involved in Richard Maurer's death to ensure it was in proper working condition and in compliance with all state and federal statutes and regulations;

    f.      Failing to properly maintain and/or repair their motor vehicle that was involved in Richard Maurer's death;

    g.      Failing to properly equip their motor vehicle that was involved in Richard Maurer's death with the necessary safety equipment;

    h.      Failing to properly equip their motor vehicle that was involved in Richard Maurer's death with a warning device to indicate when the vehicle was operating in reverse including, but not limited to, a "back-up beeper" or other reverse audible alarm device;

    i.      Failing to implement and/or enforce a proper site safety plan for the construction site where Richard Maurer's death occurred;

    j.      Failing to adhere to the requirements of their implemented site safety plan for the construction site where Richard Maurer's death occurred;

    k.      Failing to enforce the requirements of their implemented site safety plan for the construction site where Richard Maurer's death occurred;

    l.      Failing to properly equip their vehicle that was involved in Richard Maurer's death, as per the site safety plan; and

    m.      Failing to properly equip their vehicle that was involved in Richard Maurer's death with a reverse audible alarm device, despite that fact that it had an obstructed rear view.

37.      Pierson Defendants are independently and vicariously liable for such acts and omissions set forth herein.

38.      Pierson Defendants are liable for the actions of its authorized agents, employees, servants, along with other such persons who are not knowable to Plaintiff but whose identities will be revealed in discovery, under the doctrines of vicarious liability and/or *respondeat superior*.

60.      The acts and omissions of the Pierson Defendants were the direct and proximate cause of the catastrophic injuries and tragic, untimely death suffered by Richard Maurer.

61.      At all relevant times, the Pierson Defendants failed to create, implement and/or enforce appropriate safety precautions to govern their employees, their equipment and/or their

Case ID: 191204289

construction site, all of which were direct and substantial factors in the catastrophic injuries and tragic, untimely death suffered by Richard Maurer.

62.     At all relevant times, the Pierson Defendants failed to create, implement and/or enforce appropriate safety precautions to govern their employees, their equipment and/or their construction site, thereby exposing others to the risk of severe bodily injury and death and in blatant disregard of the state and federal regulatory law as well as their own site safety plan.

WHEREFORE, Plaintiff demands an award against Defendants, jointly and severally, of compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and costs.

### FIRST CAUSE OF ACTION - WRONGFUL DEATH
**Jacquelyn Maurer v. R.E. Pierson Construction Co., Inc., Richard E. Pierson Construction Co., Inc. and Richard E. Pierson ("Pierson Defendants")**

39.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

40.     Plaintiff Jacquelyn Maurer, Individually, and as Executrix of the Estate of her beloved husband, Richard Maurer, deceased, bring this Wrongful Death Action on behalf of the wrongful death beneficiaries under and by virtue of the Wrongful Death Act, 42 Pa.C.S.A. §8301, the applicable Rules of Civil Procedure and the decisional law of this Commonwealth interpreting this Act.

41.     Under the Wrongful Death Act, Richard Maurer left surviving him as his heirs-at-law his wife, Jacquelyn Maurer, and children, Rebecca Krauss and Kimberly Detweiler.

42.     As a result of the negligent acts and omissions of Defendants, as described herein, Plaintiff's decedent, Richard Maurer, suffered catastrophic, permanent and fatal injuries resulting

-10-

in his hastened, premature and avoidable death, giving rise to the entitlement to damages by his beneficiaries under the Wrongful Death Act.

43.     Plaintiff claims the full measure of damages recoverable under and by virtue of the Wrongful Death Act and the decisional law of this Commonwealth interpreting the Act including, but not limited to damages for all hospital and medical expenses, funeral and burial expenses, costs of estate administration, loss of any monetary contributions that the decedent would have made to his wife and children, the pecuniary value of the damages for the loss of earnings, maintenance, support, comfort, care, society, guidance, tutelage, moral upbringing and/or other losses recognized under the Wrongful Death Act, which they would have received from the decedent had his death not occurred, and damages for any and all other losses suffered by each of the beneficiaries, including the value of the profound emotional and psychological losses suffered by reason of Richard Maurer's tragic and premature death, as may be allowed under the Wrongful Death Act and the decisional law interpreting the Act.

WHEREFORE, Plaintiff demands an award against Defendants, jointly and severally, of compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and costs.

-11-

## SECOND CAUSE OF ACTION - SURVIVAL ACT
### Jacquelyn Maurer v. R.E. Pierson Construction Co., Inc., Richard E. Pierson Construction Co., Inc. and Richard E. Pierson

44.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

45.     Plaintiff Jacquelyn Maurer, Executrix of the Estate of her beloved husband, Richard Maurer, deceased, also brings this Survival Action on behalf of the Estate and claims the full measure of damages recoverable under and by virtue of the Survival Act, 42 Pa.C.S.A. §8302, the applicable Rules of Civil Procedure and the decisional law of this Commonwealth interpreting this Act.

46.     As a result of the negligent acts and omissions of Defendants, as described herein, Plaintiff's decedent, Richard Maurer, suffered catastrophic, permanent and fatal injuries resulting in his hastened, premature and avoidable death, giving rise to the entitlement to damages by his Estate under the Survival Act.

47.     At the time of his death, Richard Maurer was 69 years of age.

48.     On behalf of her beloved husband's Estate, Jacquelyn Maurer claims damages for all economic losses to the Estate, including but not limited to Richard Maurer's total estimated future earning capacity, less his personal maintenance costs.

49.     On behalf of her beloved husband's Estate, Jacquelyn Maurer also claims damages for Richard Maurer's tremendous mental and physical discomfort, anxiety, anguish, fright, conscious physical pain and suffering, loss of the ability to enjoy life and life's pleasures, and any and all other damages and losses recoverable under the Survival Act and the decisional law interpreting the Act.

-12-

WHEREFORE, Plaintiff demands an award against Defendants, jointly and severally, of compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), and in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post-judgment interest and costs.

Respectfully submitted,

**ROSS FELLER CASEY, LLP**

BY: _____

MATTHEW A. CASEY, ESQUIRE
CHRISTOPHER M. MALONEY, ESQUIRE
*Attorneys for Plaintiff*

*Dated:* _December 31, 2019_

-13-

## **VERIFICATION**

Jacquelyn J. Maurer, Individually, and as Administratrix of the Estate of Richard Maurer, hereby verifies that the within Civil Action Complaint is based on first-hand information and on information furnished to her counsel and obtained by counsel in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by counsel during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.


_____
JACQUELYN J. MAURER

# Exhibit A

H105.805 REV (7/18)

# LOCAL REGISTRAR'S CERTIFICATION OF DEATH
### WARNING: It is illegal to duplicate this copy by photostat or photograph.

Fee for this certificate: $20.00



This is to certify that the information here given is correctly copied from an original Certificate of Death duly filed with me as Local Registrar. The original certificate will be forwarded to the State Vital Records Office for permanent filing.

**P 26444649**
Certification Number

*Linda N. Vey*
Local Registrar

**JUN 10 2019**
Date Issued

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS
## CERTIFICATE OF DEATH

State File Number **338428-2019**

| 1. Decedent's Legal Name (First, Middle, Last, Suffix) | 2. Sex | 3. Social Security Number | 4. Date of Death (Month dd, yyyy) |
|---|---|---|---|
| Richard Paul Maurer | Male | 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 | June 05, 2019 |

| 5a. Age-Last Birthday (Yrs) | 5b. Under 1 Year | 5c. Under 1 Day | 6. Date of Birth (Mo/Day/Year) | 7a. Birthplace (City and State or Foreign Country) |
|---|---|---|---|---|
| 69 | Months / Days | Hours / Minutes | September 13, 1949 | Philadelphia, Pennsylvania |

7b. Birthplace (County) Philadelphia

| 8a. Residence (State or Foreign Country) | 8b. Residence (Street and Number - Include Apt No.) | 8d. Did Decedent Live on a Township? |
|---|---|---|
| Pennsylvania | 807 Ridge Road | ☒ Yes, decedent lived in Salford Township |
| 8d. Residence (County) | 8e. Residence (Zip Code) 18969 | 8e. decedent lived within limits of |
| Montgomery | | |

| 9. Ever in US Armed Forces? | 10. Marital Status at Time of Death | 11. Surviving Spouse's Name (if wife, give name prior to first marriage) |
|---|---|---|
| ☐ Yes ☒ No ☐ Unknown | ☒ Married ☐ Divorced ☐ Never Married ☐ Widowed ☐ Unknown | Jacquelyn J. Warboys |

| 12. Father's / Parent's Name (First, Middle, Last, Suffix) | 13. Mother's / Parent's Name Prior to First Marriage (First, Middle, Last, Suffix) |
|---|---|
| Thomas Maurer | Hannah Dietrich |

| 14a. Informant's Name | 14b. Relationship to Decedent | 14c. Informant's Mailing Address (Street and Number, City, State, Zip Code) |
|---|---|---|
| Jacquelyn J. Maurer | Spouse | 807 Ridge Road Telford, PA 18969 |

### 15a. Place of Death (Check only one)

If Death Occurred on a Hospital:
☐ Inpatient ☐ Emergency Room/Outpatient ☐ Dead on Arrival

If Death Occurred Somewhere Other Than a Hospital:
☐ Hospice Facility ☐ Nursing Home/Long Term Care Facility ☐ Decedent's Home ☒ Other (Specify) Construction Site

| 15b. Facility Name (if not institution, give street and number) | 15c. City or Town, State, and Zip Code | 15d. County of Death |
|---|---|---|
| Rte 476 Southbound Mile Marker 32.1 | Harleysville, Pennsylvania 19438 | Montgomery |

| 16. Method of Disposition ☐ Burial ☒ Cremation ☐ Donation ☐ Removal from State ☐ Other (Specify) | 16b. Date of Disposition June 10, 2019 | 16c. Place of Disposition (Name of cemetery, crematory, or other place) Tri-Valley Crematory |
|---|---|---|

| 17a. Signature of Funeral Service Licensee or Person in Charge of Interment *Kyle W Koffel (Electronically Signed)* | 17b. License Number FD013619L |
|---|---|

16d. Name and Complete Address of Funeral Facility Williams-Bergey-Koffel Funeral Home Inc
667 Harleysville Pike Telford, Pennsylvania 18969

| 18. Decedent's Education - Check the box that best describes the highest degree or level at school completed at the time of death. | 19. Decedent of Hispanic Origin - Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino. | 20. Decedent's Race - Check ONE OR MORE races to indicate what the decedent considered himself or herself to be. |
|---|---|---|
| ☐ 8th grade or less | ☒ No, not Spanish/Hispanic/Latino | ☒ White |
| ☐ No diploma, 9th - 12th grade | ☐ Yes, Mexican, Mexican American, Chicano | ☐ Black or African American ☐ Korean |
| ☐ High school graduate or GED completed | ☐ Yes, Puerto Rican | ☐ American Indian or Alaska Native ☐ Vietnamese |
| ☐ Some college credit, but no degree | ☐ Yes, Cuban | ☐ Asian Indian ☐ Other Asian |
| ☐ Associate degree (e.g. AA, AS) | ☐ Yes, other Spanish/Hispanic/Latino (Specify) | ☐ Chinese ☐ Native Hawaiian |
| ☒ Bachelor's degree (e.g. BA, AB, BS) | | ☐ Filipino ☐ Guamanian or Chamorro |
| ☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA) | | ☐ Japanese ☐ Samoan |
| ☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, DDS, DVM, LLB, JD) | | ☐ Other (Specify) ☐ Other Pacific Islander |

| 21. Decedent's Single Race Self-Designation - Check ONLY ONE to indicate what the decedent considered himself or herself to be. | 22a. Decedent's Usual Occupation - Indicate type of work done during most of working life. DO NOT USE RETIRED. |
|---|---|
| ☒ White ☐ Japanese ☐ Samoan | Civil Engineer |
| ☐ Black or African American ☐ Vietnamese ☐ Other Pacific Islander | 22b. Kind of Business/Industry |
| ☐ American Indian or Alaska Native ☐ Other Asian ☐ Don't Know/Not Sure | Construction |
| ☐ Asian Indian ☐ Native Hawaiian ☐ Refused | |
| ☐ Chinese ☐ Filipino ☐ Guamanian or Chamorro ☐ Other (Specify) | |

| ITEMS 23a - 24 MUST BE COMPLETED BY PERSON WHO PRONOUNCED OR CERTIFIED DEATH | 23a. Date Pronounced Dead (Mo/Day/Yr) June 05, 2019 | 23b. Signature of Person Pronouncing Death (Only when applicable) | 23c. License Number |
|---|---|---|---|
| 23d. Date Signed (Mo/Day/Yr) June 05, 2019 | 24. Time of Death 09:57 | 25. Was Medical Examiner or Coroner Contacted? ☒ Yes ☐ No | |

## CAUSE OF DEATH

26. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary

Approximate Interval Onset to Death

IMMEDIATE CAUSE (Final disease or condition resulting in death) a. Crushing blunt force head injuries

Due to (or as a consequence of):

Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST.

b. _____ Due to (or as a consequence of):

c. _____ Due to (or as a consequence of):

d. _____ Due to (or as a consequence of):

| 26. Part II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in Part I | 27. Was autopsy performed? ☐ Yes ☒ No |
|---|---|
| | 28. Were autopsy findings available to complete the cause of death? ☒ Yes ☐ No |

| 29. If Female: | 30. Did Tobacco Use Contribute to Death? | 31. Manner of Death | Approximate Interval Onset to Death |
|---|---|---|---|
| ☐ Not pregnant within past year | ☐ Yes ☐ Probably | ☐ Natural ☐ Homicide | |
| ☐ Pregnant at time of death | ☒ No ☐ Unknown | ☒ Accident ☐ Pending Investigation | |
| ☐ Not pregnant, but pregnant within 42 days of death | | ☐ Suicide ☐ Could not be determined | |
| ☐ Not pregnant, but pregnant 43 days to 1 year before death | 32. Date of Injury (Mo/Day/Yr) (Single Month) | 33. Time of Injury | |
| ☐ Unknown if pregnant within the past year | June 05, 2019 | 09:57 | |

| 34. Place of Injury (e.g. home; construction site; farm; school) | 35. Location of Injury (Street and Number, City, State, Zip Code) |
|---|---|
| Construction site | Rte 476 Southbound MM 32.1 Harleysville, PA 19438 |

| 36. Injury at Work? | 37. If Transportation Injury, Specify: | 38. Describe How Injury Occurred: |
|---|---|---|
| ☒ Yes ☐ No | ☐ Driver/Operator ☒ Pedestrian ☐ Passenger ☐ Other (Specify) | Pedestrian vs. Truck |

39a. Certifier - physician, certified registered nurse practitioner, physician assistant, medical examiner/coroner (Check only one)
☐ Certifying only - To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☐ Pronouncing & Certifying - To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner stated.
☒ Medical Examiner/Coroner - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated.

| Signature of certifier *Gregory McDonald (Signature on File)* | Title of certifier ME/Coroner |
|---|---|

| 39b. Name, Address and Zip Code of Person Completing Cause of Death (Item 26) Gregory McDonald 1430 DeKalb Street Norristown, Pennsylvania 19404 | 39c. Date Signed (Mo/Day/Yr) June 06, 2019 |
|---|---|
| 40. Registrar's District Number 09-108 | 41. Registrar's Signature *Linda N Vey (Signature on File)* | 42. Registrar File Date (Mo/Day/Yr) June 10, 2019 |

43. Amendments

Disposition Permit No. E134061

H105-143
REV 11/2017-C

Case ID: 191204289

# Exhibit B

Case ID: 191204289

**SHORT CERTIFICATE**
**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF MONTGOMERY**

I, D. Bruce Hanes, Register of Wills in the County of Montgomery, in the Commonwealth of Pennsylvania, DO HEREBY CERTIFY that on the 9th day of July 2019 Letters Testamentary on the Estate of RICHARD MAURER (aka RICHARD PAUL MAURER),

deceased, were granted to
**JACQUELYN J MAURER**

having first been qualified well and truly to administer the same. And I further certify that no revocation of said Letters appears of record in my office.

File number: 46-2019-X2415

Date of Death: 6/5/2019

Social Security Number: 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

Given under my hand and seal of office this
**9th day of July 2019**

_____
Montgomery County Register of Wills

Case ID: 191204289

# Exhibit C

Case ID: 191204289



Home    About ▾    Services ▾    Projects ▾    Careers    Contact

## SERVICES

Sitework

Utilities

Highway

**Demolition**

## Demolition

Our Demolition Division is routinely relied on for a wide range of projects requiring wrecking, dismantlement, implosion, recycling and environmental expertise. The Demolition Division has steadily increased in size, filling key positions with some of the most experienced and respected demolition specialists in the country. Talent onboard, we have tackled some very complex projects, while completing them successfully within tight time constraints. Some of these projects included the dismantlement of the 38 story One Meridian Plaza office building in Center City Philadelphia, The Philadelphia Civic Center, the Philadelphia Naval Shipyard for Kvaerner and the Curries Woods 14 story apartment building in Jersey City, which included on-site recycling.

Our demolition capabilities are a beneficial enhancement to our site development operations, enabling our clients to contract demolition and sitework together. This results in increased efficiencies and cost savings through single-point contracting.

Case ID: 191204289



Case ID: 191204289



R.E. PIERSON
CONSTRUCTION

Home    About ▾    Services ▾    Projects ▾    Careers    Contact

PROJECTS

## South Street Bridge □

Philadelphia, PA

The 85-year old South Street Bridge in Philadelphia will be torn down and rebuilt in a $67 million project that will make it more pedestrian- and bicycle-friendly and donned with decorative lighting.

Driscoll Construction Co. was awarded the contract to build the new bridge, announced Mayor Michael Nutter's office. Most of the money to fund the project will come from the federal government, which will pitch in 80 percent of the costs, with the state shouldering 15 percent and the city 5 percent.

Demolition of the old bridge, which carries 23,000 vehicles a day, will begin next month by R.E. Pierson Construction Company. Construction of the new bridge will take an estimated two years to complete. It will mean detours. South Street will be completely closed to traffic from 27th Street to Convention Avenue. There will be no access to the entrance and exit ramps to the Schuylkill Expressway from South Street.

**All Projects**

**Demolition**

**Highway**

**Joint Venture**

**Marine**

**Sitework**

Photo Album - 4 Photos

# *EXHIBIT C*

{W0887208.1}

20000232



# MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
## ORDER FOR SERVICE

Filed and Attested by the
Office of Judicial Records
16 JAN 2020 02:57 pm
M. SELLGRINI

*Phila Process Served or not
Pa. C.R.C.P. 400.1(a)(2)*

(Please prepare a separate request for service form for each defendant to be served by the Sheriff)

To: Sheriff Sean P. Kilkenny
Montgomery County Court House
P.O. Box 311
Norristown, Pennsylvania 19404-0311
Phone: 610-278-3331       Fax: 610-278-3832

Date: January 6, 2020        *mc*

Prothonotary No. 1912-4289

Sheriff Cost: _140-_

Attorney's Or Plaintiff's Name and Address:

Christopher M. Maloney, Esquire   *344090*

Ross Feller Casey, LLP  1650 Market Street, 34th Floor

**Philadelphia**          **PA**   **19103**

ATTY. ID#**64844**   Telephone: **215-574-2000**

| ☒ Civil Action *Complt.* | Writ of Execution Levy |
| Confessed Judgment | Interrogatories |
| Complaint in Ejectment | Writ of Execution Garnishee |
| Posting | Writ of Seizure |
| Writ of Possession | Mortgage Foreclosure |
| Other: | Court Order: |

JACQUELYN J. MAURER, Individually, and as Executrix of the Estate of RICHARD P. MAURER, deceased

vs.          **PLAINTIFF**

R.E. PIERSON CONSTRUCTION CO., INC., et al

**DEFENDANT**

Service Upon:  R.E. Pierson Construction Co., Inc.
LOCATION (MUST HAVE VALID ADDRESS OR DIRECTIONS)
129 Clump Road

( 1 of 3 )

Telford          PA    18969

**FOR SHERIFF USE ONLY          SHERIFF'S RETURN**

PERSON SERVED _Jeff Sidders_

RELATIONSHIP/POSITION _PL_

PLACE OF SERVICE _AS listed_

DATE OF SERVICE _1/9/20_

TIME OF SERVICE _0930_

NUMBER OF ATTEMPTS _1_

DEPUTY _M Sten_

DEPUTY _____

LAST DAY FOR SERVICE _1-30-20_

## SERVICE NOT MADE BECAUSE:

DATE: _____  TIME: _____  DEPUTY: _____  DEPUTY: _____

| NO SERVICE | BAD ADDRESS | UNKNOWN AT ADDRESS | NEED BETTER ADDRESS |
| MOVED | BUILDING VACANT | ADDRESS OUT OF COUNTY | OTHER |

### POSSESSION TAKEN:

DATE: _____  TIME: _____  DEPUTY: _____  DEPUTY: _____

ATTEMPTED SERVICE DATE & TIME

STAMP
2020 JAN -7 A 11:16  SHERIFF MONTCO. PA

Case ID: 191204289

# *EXHIBIT D*

{W0887208.1}

20000232

# MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
## ORDER FOR SERVICE

*Process Served Under P.R.C.P. 400.1(a)(2)*

*Filed and Attested by the Prothonotary Records 06 JAN 2020 03:00 pm A. STAMATO*

(Please prepare a separate request for service form for each defendant to be served by the sheriff)

To: Sheriff Sean P. Kilkenny
Montgomery County Court House
P.O. Box 311
Norristown, Pennsylvania 19404-0311
Phone: 610-278-3331        Fax: 610-278-3832

Date: January 6, 2020

Prothonotary No. 1912-4289

Sheriff Cost: pd.

| Attorney's Or Plaintiff's Name and Address: | | |
|---|---|---|
| Christopher M. Maloney, Esquire | ✱ Civil Action Complt | Writ of Execution Levy |
| | Confessed Judgment | Interrogatories |
| Ross Feller Casey, LLP  1650 Market Street, 34th Floor | Complaint in Ejectment | Writ of Execution Garnishee |
| **Philadelphia**            PA   19103 | Posting | Writ of Seizure |
| | Writ of Possession | Mortgage Foreclosure |
| ATTY. ID#64844   Telephone: 215-574-2000 | Other: | Court Order: |

JACQUELYN J. MAURER, Individually, and as Executrix of the Estate of RICHARD P. MAURER, deceased

——————————————————
vs.          **PLAINTIFF**

R.E. PIERSON CONSTRUCTION CO., INC., et al
——————————————————
**DEFENDANT**

Service Upon: RICHARD E. PIERSON CONSTRUCTION CO., INC.
LOCATION (MUST HAVE VALID ADDRESS OR DIRECTIONS)
129 Clump Road

2 of 3

Telford          PA      18969

**FOR SHERIFF USE ONLY          SHERIFF'S RETURN**

PERSON SERVED _Jeff  Silvers_

RELATIONSHIP/POSITION _Pr_

PLACE OF SERVICE _As  listed_

DATE OF SERVICE _1/9/20_

TIME OF SERVICE _0930_

NUMBER OF ATTEMPTS _1_

DEPUTY _M  Stew_

DEPUTY _____

LAST DAY FOR SERVICE _1-30-20_

## SERVICE NOT MADE BECAUSE:

| DATE: | TIME: | DEPUTY: | DEPUTY: |
|---|---|---|---|
| NO SERVICE | BAD ADDRESS | UNKNOWN AT ADDRESS | NEED BETTER ADDRESS |
| MOVED | BUILDING VACANT | ADDRESS OUT OF COUNTY | OTHER |

## POSSESSION TAKEN:

| DATE: | TIME: | DEPUTY: | DEPUTY: |
|---|---|---|---|

ATTEMPTED SERVICE DATE & TIME

STAMP

2020 JAN - ... MONTCO. PA

# EXHIBIT E

20000232



## MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
## ORDER FOR SERVICE

(Please prepare a separate request for service form for each defendant to be served by the Sheriff)

*Process Served Under*
*P.A.R.C.P. 400.1(a)(2)*

Filed and Attested by the
Office of Judicial Records

To:   Sheriff Sean P. Kilkenny
      Montgomery County Court House
      P.O. Box 311
      Norristown, Pennsylvania 19404-0311
      Phone: 610-278-3331      Fax: 610-278-3832

Date: January 6 JAN 2020 03:03 pm
M KNESO

Prothonotary No. 1912-4289

Sheriff Cost: pd.

| Attorney's Or Plaintiff's Name and Address: | | |
|---|---|---|
| Christopher M. Maloney, Esquire | ☒ Civil Action  COMPLT | Writ of Execution Levy |
| | Confessed Judgment | Interrogatories |
| Ross Feller Casey, LLP  1650 Market Street, 34th Floor | Complaint in Ejectment | Writ of Execution Garnishee |
| **Philadelphia**          **PA**  **19103** | Posting | Writ of Seizure |
| | Writ of Possession | Mortgage Foreclosure |
| ATTY. ID# **64844**   Telephone: 215-574-2000 | Other: | Court Order: |

| | FOR SHERIFF USE ONLY          SHERIFF'S RETURN |
|---|---|
| JACQUELYN J. MAURER, individually, and as Executrix of the Estate of RICHARD P. MAURER, deceased | PERSON SERVED  Jeff Siddens |
| vs.          **PLAINTIFF** | RELATIONSHIP/POSITION  Pr |
| R.E. PIERSON CONSTRUCTION CO., INC., et al | PLACE OF SERVICE  As  lsted |
| **DEFENDANT** | DATE OF SERVICE  1/9/20 |
| | TIME OF SERVICE  0930 |
| Service Upon: **RICHARD E. PIERSON** | NUMBER OF ATTEMPTS  ( |
| LOCATION (MUST HAVE VALID ADDRESS OR DIRECTIONS) | DEPUTY  M  Ste) |
| 129 Clump Road          (3 of 3) | DEPUTY  # 957 |
| Telford          PA   18969 | LAST DAY FOR SERVICE  1-30-20 |

| **SERVICE NOT MADE BECAUSE:** | | | |
|---|---|---|---|
| DATE:          TIME:          DEPUTY:          DEPUTY: | | | |
| NO SERVICE | BAD ADDRESS | UNKNOWN AT ADDRESS | NEED BETTER ADDRESS |
| MOVED | BUILDING VACANT | ADDRESS OUT OF COUNTY | OTHER |

| **POSSESSION TAKEN:** | |
|---|---|
| DATE:          TIME:          DEPUTY:          DEPUTY: | |
| ATTEMPTED SERVICE DATE & TIME | STAMP |

2020 JAN -7  A 11: 16
RECV'D M/CO SHER/CO., PA